UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SHERRIFF COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-CV-11958-AK |
| ) | |
| J.C.,[1] ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**KELLEY, D.J.**

In February 2024, after an eight-day jury trial, Sherriff Cooper ("Cooper") was convicted of sex trafficking of a minor by force, fraud, and coercion, transportation of a minor with intent to engage in a criminal sexual activity, and forced labor. See United States v. Cooper, No. 21-CR-10184-NMG, 2024 WL 3744650, at *1 (D. Mass. Aug. 9, 2024). Cooper was specifically convicted of committing these crimes against J.C., who is also the mother of his youngest child. [Id.; Dkt. 1].

On July 26, 2024, while awaiting sentencing for these criminal convictions, Cooper initiated the instant civil action against J.C., alleging defamation and abuse of process. [Dkt. 1]. On August 5, 2024, the Court provisionally allowed Cooper's application to proceed without prepaying fees or costs but deferred the assessment of his filing fee obligations pending receipt of his updated prison account statement. [Dkt. 7]. Cooper was informed that to proceed, he must file an updated prison account summary and an amended complaint. Id.

---

[1] The Court will identify the defendant by her initials "J.C." to help protect her anonymity because she is alleged to be minor at the time of the incidents described in Cooper's pleadings. The Clerk is directed to restrict the view of the pleadings and documents appearing on the public docket.

On August, 15, 2024, Cooper was sentenced to 216 months' incarceration for his crimes related to the sex trafficking of J.C. See Cooper, No. 21-CR-10184-NMG at Dkt. 339 (D. Mass. Aug. 15, 2024). On August 26, 2024, Cooper filed an Amended Complaint [Dkt. 8] and his prison account summary [Dkt. 9]. Currently before the Court are also Cooper's Request For Summons to be Served by US Marshal ("Request") [Dkt. 3] and Memorandum of Law [Dkt. 10]. After review, the Court **DENIES** Cooper's Request and this action is **DISMISSED WITH PREJUDICE**.

1. **Assessment of Filing Fee Pursuant to 28 U.S.C. § 1915(b)**

As a prisoner proceeding *pro se*, Cooper is required to make payments towards the filing fee in accordance with 28 U.S.C. § 1915(b). Based on the average monthly deposits in Cooper's prison account from January 26, 2024 through July 26, 2024, Cooper is assessed an initial partial filing fee of **$35.63**, pursuant to 28 U.S.C. § 1915(b)(1)(A). The remainder of the fee, **$314.37**, will be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send the standard Notice to Prison form to the Treasurer's Office at FCI Fort Dix.

2. **Screening the Amended Complaint**

    a. **Cooper's Amended Complaint Is Subject to Screening**

Cooper's Amended Complaint incorporates, by reference, the factual background as recited in his original complaint. [Dkt. 8-1 at 4]. In his initial pleading, Cooper conceded that a protective order is in place restricting him from knowing the address and contact information for J.C. [Dkt. 1-1]. As such, Cooper has requested the assistance of the United States Marshals in serving his Amended Complaint upon J.C. [Dkt. 3 at 1]. A summons has not issued pending the Court's review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a court to dismiss an *in forma pauperis* case at any time if it finds, among other things,

that the operative complaint fails to state a claim upon which relief can be granted. The Court treats the factual allegations in the Amended Complaint as true and draws all reasonable inferences in Cooper's favor. See Estelle v. Gamble, 429 U.S. 97, 99 (1976). In addition, the Court liberally reviews Cooper's allegations and legal claims since they have been asserted by a self-represented litigant. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

The Amended Complaint recounts the same incidents alleged in the original complaint. [See Dkt. 8.]. However, the Amended Complaint drops the federal claims and solely invokes the Court's diversity subject matter jurisdiction, alleging that Cooper is a citizen of New York and J.C. a citizen of Massachusetts. [Id. at 3–4, 6–7]. The Amended Complaint asserts two claims under state law: (1) defamation of character; and (2) abuse of process. [Id. 4, 7–8]. For relief, Cooper seeks "$5,000,000 due to the ongoing pain and suffering caused by the defendant." [Id. at 4].

Assuming diversity of citizenship exists and that there is a basis to find that the amount in controversy exceeds $75,000, dismissal is required because the Amended Complaint fails to state claims upon which relief may be granted.

b. **Cooper's Defamation Claim**

Cooper alleges that in response to his filing a complaint concerning J.C. with the Department of Children and Families ("DCF"), J.C. "retaliated by making false accusations to My Life My Choice (MLMC) Human Trafficking advocacy organization" concerning him. [Dkt. 8-1 at 2].[2] Cooper contends that J.C. "manufactured evidence to MLMC" and that "MLMC sought out law enforcement . . . to initiate an investigation." [Id.] Cooper was arrested

---

[2] My Life My Choice ("MLMC") is a Massachusetts-based and survivor-led non-profit organization fighting to end the commercial sexual exploitation of children. See About Us: Who We Are, My Life My Choice https://www.mylifemychoice.org/who-we-are (last visited Oct. 9, 2024).

on July 8, 2021, at which time the FBI allegedly informed him "that the defendant was the reason [Cooper] was being arrested." [Id.]  Cooper believes his arrest is a result of "the complaints he made to DCF, and for the ongoing custody disputes between [Cooper] and the defendant." [Id.]

"To prevail on a claim for defamation, a plaintiff must establish that (1) the defendant published a defamatory statement of and concerning the plaintiff; (2) the statement was a false statement of fact (as opposed to opinion); (3) the defendant was at fault for making the statement, and any privilege that may have attached to the statement was abused; and (4) the plaintiff suffered damages as a result, or the statement was of the type that is actionable without proof of economic loss." Lawless v. Estrella, 160 N.E.3d 1253, 1257 (Mass. App. Ct. 2020) (citing Downey v. Chutehall Constr. Co., Ltd., 19 N.E.3d 470, 474 (Mass. App. Ct. 2014)).

Imputing criminal behavior to an individual is *per se* defamatory, Stone v. Essex Cty. Newspapers, Inc., 330 N.E.2d 161, 165 (Mass. 1975), and generally actionable without proof of economic loss.  Ravnikar v. Bogojavlensky, 782 N.E.2d 508, 511 (Mass. 2003) (citing Lynch v. Lyons, 20 N.E.2d 953, 955 (Mass. 1939)).  However, "[t]ruth is an absolute defense to a defamation action under Massachusetts law . . . " Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 42 (1st Cir. 1998).  There is a narrow exception to this defense: if the plaintiff can show that the defendant acted with actual malice in publishing the statement, the truth or falsity of the statement becomes immaterial.  See Noonan v. Staples, Inc., 556 F.3d 20, 26 (1st Cir. 2009) (citing M.G.L. c. 231, § 92)).

Because the Amended Complaint fails to plausibly allege that J.C.'s statements were false or that they were true but said with actual malice, Cooper's defamation claim must fail.  Thus, the defamation claim is dismissed.

### c. Cooper's Abuse of Process Claim

Cooper also alleges that J.C. "induce[d] law enforcement to investigate and bring charges against the plaintiff to have him incarcerated because the defendant and the plaintiff were in a custody dispute over the child they share." [Dkt. 8-1 at 3].

"Under Massachusetts law, an abuse of process claim requires a plaintiff to show that 'process' was used for an ulterior or illegitimate purpose and resulted in damages." Yacubian v. United States, 750 F.3d 100, 110 (1st Cir. 2014) (quoting Vittands v. Sudduth, 730 N.E.2d 325, 332 (Mass. App. Ct. 2000)); see also Restatement (Second) of Torts § 682 (Am. L. Inst. 1977) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.").

Here, the Amended Complaint provides only conclusory allegations to support the inference that any criminal proceeding against Cooper had a goal of achieving some collateral objective. Although Cooper implies that J.C. wanted an advantage in their custody dispute, there are no factual allegations about the criminal proceedings to allow such an inference. Thus, the abuse of process claim fails and is dismissed.

### 3. Conclusion

Even with a generous reading of the Amended Complaint, it does not cure the pleading deficiencies of the original complaint and fails to set forth plausible claims for defamation and abuse of process under applicable law, assuming diversity jurisdiction exists. Cooper was given an opportunity to plead a cognizable claim in an amended complaint and failed to do so. Under these circumstances, it seems unlikely that Cooper can state additional facts that would suffice to make out a cognizable claim. Thus, it appears futile to permit further amendment.

Further, this Court will not tolerate any attempts by Cooper to use a civil action to collaterally attack his criminal conviction or to further victimize, intimidate, or retaliate against J.C.  The protective order in place prohibits Cooper from obtaining J.C.'s personal contact information, including her last known address.  Given the protective order, Cooper's request to use the U.S. Marshals Service to effectuate service [Dkt. 3] is **DENIED**.  The Court will not facilitate any action that could potentially endanger the safety and well-being of J.C or circumvent the purpose of the protective order.

Accordingly, it is hereby **ORDERED**:

1. The Clerk's Office is directed to substitute the defendant's initials "J.C." for her true name on the public docket and in all filings and records to protect her identity, given the sensitive nature of the case and her status in the related criminal matter.  The Clerk's Office is further directed to change the short title of this case to <u>Cooper v. J.C.</u>, and restrict view of the filings to the court and the Parties.

2. Plaintiff is assessed an initial, partial filing fee of **$35.63**, pursuant to 28 U.S.C. § 1915(b)(1)(A).  The remainder of the fee, **$314.37**, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send the standard Notice to Prison form to the Treasurer's Office at FCI Fort Dix.

3. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: October 11, 2024　　　　　　　　　　　　　　　　　　*/s/ Angel Kelley*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Angel Kelley
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge